

DANIEL G. BOGDEN
United States Attorney
LUCAS M. FOLETTA
Assistant United States Attorney
333 Las Vegas Blvd., S., Suite 5000
Las Vegas, Nevada 89101
(702) 388-6050

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>VS.<br><br>PARKER ENLOE,<br><br>DEFENDANT. | CRIMINAL INFORMATION<br><br>CASE NO.    2:10-cr-00319-JCM-PAL<br><br>VIOLATION:<br><br>18 U.S.C. § 1349 - Conspiracy to Commit<br>Mail, Wire and Bank Fraud |

**THE UNITED STATES ATTORNEY FOR THE DISTRICT OF NEVADA CHARGES THAT:**

### COUNT ONE
Conspiracy to Commit Mail, Wire and Bank Fraud

1.      From on or about January 1, 2006, to on or about April 31, 2009, in the Federal District of Nevada,

**PARKER ENLOE,**

defendant herein, did knowingly, willfully, and unlawfully conspire to commit the following offenses against the laws of the United States, namely, Mail, Wire, and Bank Fraud, in violation of Title 18, United States Code, Sections 1341, 1343 and 1344.

.   .   .

<u>The Object of the Conspiracy</u>

2.     The object of the conspiracy was for the defendant and the defendant's coconspirators to obtain residential mortgages by fraudulent means and to use part of the proceeds from the mortgages for their personal use.

<u>Manner, Means and Overt Acts</u>

3.     The manner and means by which the objectives of the conspiracy were accomplished include, but were not limited to, the following, which acts constitute overt acts in furtherance of the conspiracy.

a.     The defendant and his coconspirator(s) solicited people to be the buyers of houses in name only ("straw buyers") while the defendant and the defendant's coconspirators intended to control the ownership interests of the houses and divert money from the mortgage loans used to purchase those houses for their own use.

b.     The defendant and the defendant's coconspirators caused straw buyers to apply for mortgage loans to purchase properties.

c.     The defendant and the defendant's coconspirators knowingly caused materially false information to be placed in the straw buyers' mortgage loan applications and supporting documentation, including but not limited to the following: the straw buyers' places of employment, income, assets, intent to live in the houses, and the appraised value of the houses.

d.     The defendant caused the loan applications and supporting documents to be submitted to mortgage companies that were federally insured and to mortgage companies that were not federally insured.

e.     The defendant caused mortgage companies and financial institutions to transmit through interstate wire communications, certain matters, such as wire transfers to fund the mortgages.

f.     The defendant caused certain matters pertaining to the mortgage loans to be sent through the mails and by commercial interstate carriers.

2

g.      More specifically, on or about February 26, 2009, the defendant and his coconspirators falsely and fraudulently submitted a loan application to AmTrust Bank, an FDIC insured financial institution, on behalf of V.P., who acted as a straw buyer, for the purpose of securing funding for a mortgage to finance the purchase of 6789 Kostner Street, Las Vegas, Nevada. Defendant and his coconspirators further caused a material misrepresentation to be made on the application by falsely and fraudulently causing to be stated there that V.P. was providing the down payment, when they then and there knew the defendant provided the down payment, that the defendant was reimbursed through loan proceeds and that he further was paid out of loan proceeds to provide the down payment.

h.      The submission of the loan application and the material misrepresentation relating to the down payment caused: (a) the escrow for the purchase of 6789 Kostner Street to be closed; (b) the mortgage loan to finance 6789 Kostner Street to be issued from AmTrust Bank, an FDIC insured financial institution; and (c) mailings to be sent and wire communications to be made of matters related to the loan issued to finance 6789 Kostner Street.

i.      In addition to the foregoing, on or about the following dates, in furtherance of the conspiracy and to effect the objects of the conspiracy, at least one member of the conspiracy submitted, and caused to be submitted, a loan application and supporting documentation containing materially false and fraudulent representations to obtain mortgage loans, and further caused mailings to be sent and wire communications to be made of matters related to the loans, to purchase the following properties:

| Date: | Property: | Lender: |
|---|---|---|
| 03/23/09 | 8270 Amtrak, Las Vegas, NV | JMAC Lending |
| 04/02/09 | 9132 Fusion, Las Vegas, NV | PMC Bancorp |

j.      In addition to the misrepresentations described above, the defendant and his coconspirators diverted proceeds of the mortgages for their own use.

3

k.    In all of the aforementioned actions the defendant acted with the intent to defraud.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATION ONE
Conspiracy to Commit Mail, Wire, and Bank Fraud

1.    The allegations contained in Count One of this Criminal Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

2.    Upon a conviction of the felony offenses charged in Count One of this Criminal Information,

**PARKER ENLOE,**

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of Title 18, United States Code, Section 1341; Title 18, United States Code, Section 1343; Title 18, United States Code, Section 1344; or Title 18, United States Code, Section 1349, a conspiracy to commit such offenses, a criminal forfeiture money judgment up to $10,000.00 in United States Currency.

3.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been place beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any properties of the defendant up to $10,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(2); Title 18, United States Code, Sections 1341, 1343, 1344, and 1349; and Title 21, United States Code, Section 853(p).

**FORFEITURE ALLEGATION TWO**
Conspiracy to Commit Mail, Wire, and Bank Fraud

1.      The allegations contained in Count One of this Criminal Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the felony offenses charged in Count One of this Criminal Information,

**PARKER ENLOE,**

defendant herein, shall forfeit to the United States of America any property constituting, or derived from, proceeds traceable to violations of Title 18, United States Code, Section 1341; Title 18, United States Code, Section 1343; Title 18, United States Code, Section 1344; or Title 18, United States Code, Section 1349, a conspiracy to commit such offenses, a criminal forfeiture money judgment up to $10,000.00 in United States Currency.

3.      If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant-

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

5

e.   has been commingled with other property that cannot be divided without

difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant up to $10,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 1341, 1343, 1344, and 1349; and Title 21, United States Code, Section 853(p).

**DATED**: this 17th day of June, 2010.

DANIEL G. BOGDEN
United States Attorney

LUCAS M. FOLETTA
Assistant United States Attorney

6