```
                                    ✓ ___ FILED      ___ RECEIVED
                                      ___ ENTERED    ___ SERVED ON
                                              COUNSEL/PARTIES OF RECORD

                                            JUL 16 2010

                                        CLERK US DISTRICT COURT
                                          DISTRICT OF NEVADA
                                    BY:                        DEPUTY
```

1 | DANIEL G. BOGDEN
United States Attorney
2 | LUCAS M. FOLETTA
Assistant United States Attorney
3 | 333 Las Vegas Boulevard South
Suite 5000
4 | Las Vegas, Nevada 89101
(702) 388-6336
5 |
6 |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### -oOo-

UNITED STATES OF AMERICA,

                Plaintiff,

      vs

PARKER ENLOE,

                Defendant

CASE NO.   2:10-cr-00319-JCM-PAL

PLEA MEMORANDUM

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Lucas M. Foletta, Assistant United States Attorney, the defendant, PARKER ENLOE, and the defendant's attorney, Robert Draskovich, Esq., submit this plea memorandum.

## I. PLEA AGREEMENT

The United States and the defendant have reached the following plea agreement, which is not binding on the court:

### A. The Plea

1.    Defendant will plead guilty to a Criminal Information charging Defendant with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349. Defendant also agrees to the forfeiture of the property set forth in the Forfeiture Allegations of the Criminal Information and Plea Memorandum.

1  **B.   Additional Charges**

2      2.      The United States will bring no additional charge or charges against the defendant

3  arising out of the investigation in the District of Nevada that culminated in this Plea Memorandum.

4  **C.   Sentencing Guideline Calculations**

5      3.      Defendant understands that the Court is required to consider United States Sentencing

6  Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining the

7  defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that

8  after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose

9  any reasonable sentence up to the maximum set by statute for the crimes of conviction.

10     4.      The parties agree that the following calculations of the United States Sentencing

11 Guidelines apply:

| | |
|---|---|
12 | Base Offense Level (U.S.S.G. §2B1.1(a)): | 7 |
13 | Loss Amount of $400,000-$1,000,000 (U.S.S.G. §2B1.1(b)(1)(H)): | 14 |
14 | | |
15 | Acceptance of Responsibility (U.S.S.G. §3E1.1(a) & (b)): | (3) |
16 | TOTAL | 18 |

17

18     5.      Pursuant to U.S.S.G. §3E1.1(a), the United States will recommend that the defendant

19 receive a two (2) level adjustment for acceptance of responsibility unless Defendant (a) fails to make

20 a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or

21 probation officers; (c) denies involvement in the offense or provides conflicting statements regarding

22 defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct;

23 (f) fails to appear in court; or (g) violates the conditions of defendant's pretrial release conditions.

24     6.      Pursuant to U.S.S.G. §3E1.1(b), the United States will, in its sole discretion, make

25 a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing

26 if the defendant timely notifies the United States of the defendant's intention to plead guilty, thereby

2

permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

       7.     Defendant's Criminal History Category will be determined by the court.

**D.   Other Sentencing Matters**

       8.     The United States will recommend that the defendant be sentenced to the low end of the Guideline range unless the defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.

       9.     Defendant may seek a downward adjustment pursuant to 18 U.S.C. § 3553.

       10     The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, the defendant will not withdraw the defendant's plea of guilty. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

       11.     The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E.   Fines and Special Assessment**

       12.     Defendant agrees that the Court may impose a fine due and payable immediately upon sentencing.

       13.     Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

. . .

. . .

3

**F   Restitution**

14.    Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court. In return for defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

**G.   Forfeiture**

15.    In consideration for the government agreeing to the terms of this plea agreement, Defendant knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture money judgment of $10,000 in United States Currency ("property"), in addition to any order of restitution even though the amount of restitution may differ from the amount of forfeiture. Defendant agrees that Defendant will ask the Court to impose an order of forfeiture in the amount stated above and will not ask the Court to adjust the amount in any respect. The defendant admits that if the case were to proceed to trial, the government could prove forfeiture in excess of the amount stated here.

16.    Defendant knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

17.    Defendant knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

18.    Defendant knowingly and voluntarily agrees to waive the defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

19.    Defendant knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

4

20.     Defendant knowingly and voluntarily agrees to waive any further notice to the defendant, the defendant's agents, or the defendant's attorney regarding the abandonment or the forfeiture and disposition of the property.

21.     Defendant knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

22.     Defendant knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

23.     Defendant knowingly and voluntarily agrees to waive the defendant's right to a jury trial on the forfeiture of the property.

24.     Defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

25.     Defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

26.     Defendant knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the abandonment or the forfeiture.

H.   **Waiver of Appeal**

27.     In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the

1   applicable Sentencing Guideline range as calculated by the Court, further waives the right to appeal

2   the manner in which that sentence was determined on the grounds set forth in Title 18, United States

3   Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or

4   sentence, including any order of restitution and forfeiture. Defendant reserves only the right to appeal

5   any portion of the sentence that is an upward departure from the applicable Sentencing Guideline

6   range calculated by the Court.

7         28.    Defendant also waives all collateral challenges, including any claims under 28 U.S.C.

8   § 2255, to the defendant's conviction, sentence and the procedure by which the court adjudicated guilt

9   and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

10         29.    Notwithstanding the stipulations in this agreement, the parties are free to argue on

11   appeal and collateral review that the Court's sentencing guidelines calculations are not error.

12   However, each party agrees to maintain its view that the calculation in paragraph I.C.4 are consistent

13   with the facts of this case.

14   **I.   Additional Promises, Agreements, and Conditions**

15         30.    In exchange for the United States entering into this agreement, Defendant agrees that

16   (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant

17   under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at

18   sentencing; and (2) in any subsequent proceeding, including a trial in the event the defendant does not

19   plead guilty or withdraws the defendant's guilty plea, to impeach or rebut any evidence, argument or

20   representation offered by or on the defendant's behalf; and (b) the defendant expressly waives any and

21   all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in

22   Section IV of the Plea Agreement to the extent set forth above.

23         31.    The parties agree that no promises, agreements, and conditions have been entered into

24   other than those set forth in this plea memorandum, and will not be entered into unless in writing and

25   signed by all parties.

26

**J. Limitations**

32.    This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. But, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

**K. Cooperation**

33.    Defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning Defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of such persons. Defendant agrees that the information provided can be used against the defendant to establish relevant conduct for sentencing purposes.

34.    In the event the United States Attorney decides in the sole discretion of the United States Attorney that the assistance provided by Defendant amounts to "substantial assistance" pursuant to U.S.S.G. § 5K1.1, the United States will timely file a motion for downward departure from the applicable Guideline calculation. The Court has the sole discretion to grant such a motion.

35.    Defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless Defendant's cooperation is deemed to be substantial assistance by the United States Attorney. The United States has made no promise, implied or otherwise, that Defendant will be granted a departure for substantial assistance. Further, no promise has been made that such a motion will be made even if Defendant complies with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States Attorney.

7

36.    The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether, in the sole discretion of the United States Attorney, Defendant has provided substantial assistance which would merit a motion by the United States for a downward departure from the applicable Guideline:

a.    The United States' evaluation of the significance and usefulness of Defendant's assistance;

b.    The truthfulness, completeness, and reliability of any information or testimony provided by Defendant;

c.    The nature and extent of Defendant's assistance;

d.    Any injury suffered, or any danger or risk of injury to Defendant or Defendant's family resulting from Defendant's assistance; and

e.    The timeliness of Defendant's assistance.

37.    Defendant agrees that in the event the United States files a downward departure motion based upon Defendant's substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure. Defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court.

38.    Defendant agrees that if the United States determines that Defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) defendant may not withdraw the guilty plea, and (c) defendant shall be subject to prosecution for all federal criminal offenses of which the United States has knowledge, including but not limited to, perjury and obstruction of justice. Any such prosecution may be based upon any information provided by Defendant or leads derived therefrom.

...

8

## II. PENALTY

39.     The maximum penalty for a violation of Title 18, United States Code, Section 1349, is imprisonment for not more than thirty (30) years, a fine of not more than $1,000,000, or both. Defendant is subject to supervised release for a term of not greater than five (5) years.

40.     Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

41.     Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

42.     Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that the defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III. ELEMENTS

43.     The essential elements of the offense of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, are as follows:

First, beginning in or about January 1, 2006, and continuing through in or about April 31, 2009, there was an agreement between two or more persons to commit at least one crime as charged in the information, in this case, Wire Fraud; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

## IV. FACTS

44.     Defendant is pleading guilty because the defendant is guilty of the charged offense.

45.     In pleading to the offense, Defendant acknowledges that if the defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

9

46.     Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct.

47.     From in or about ~~January 1, 2006,~~ *March 7, 2007 to April 30, 2009,* through ~~April 24, 2009,~~ in the Federal District of Nevada, defendant conspired with others to fraudulently obtain residential mortgages in order to obtain proceeds from the mortgages for their personal use.

48.     As part of the conspiracy, the coconspirators recruited people to be the buyers for houses in name only ("straw buyers") while coconspirators intended to control the ownership interests of the houses and obtain proceeds from the mortgage loans for their own use.

49.     It was further part of the conspiracy ~~that the defendant and his~~ co-conspirators knowingly made, and caused to be made, material false and fraudulent statements in the buyers' loan applications and supporting documentation, including statements of the buyers' employment, income, assets, intent to live in the residence, and the appraised value of the property, and caused the loan applications and supporting documents to be submitted to mortgage companies that were federally insured and to mortgage companies that were not federally insured.

50.     More specifically, on or about February 26, 2009, the defendant and his coconspirators falsely and fraudulently submitted a loan application to AmTrust Bank on behalf of Vilai Phahongchan, who acted as a straw buyer, for the purpose of securing funding for a mortgage to finance the purchase of 6789 Kostner Street, Las Vegas, Nevada. Defendant and his coconspirators further caused a material misrepresentation to be made on the application by falsely and fraudulently causing to be stated there that Phahongchan was providing the down payment, when they then and there knew the defendant provided the down payment, that the defendant was reimbursed through loan proceeds, and that he further was paid out of loan proceeds to provide the down payment.

51.     The submission of the loan application and the material misrepresentation relating to the down payment caused: (a) the escrow for the purchase of 6789 Kostner Street to be closed; (b) the mortgage loan to finance 6789 Kostner Street to be issued from AmTrust Bank; and (c)

1   wire communications to be made of matters related to the loan issued to finance 6789 Kostner
2   Street.

3       52    In addition to the foregoing, on or about the following dates, in furtherance of the
4   conspiracy and to effect the objects of the conspiracy, at least one member of the conspiracy
5   submitted, and caused to be submitted, a loan application and supporting documentation
6   containing materially false and fraudulent representations to obtain mortgage loans, and further
7   caused wire communications to be made of matters related to the loans, to purchase the following
8   properties:

9   | Date: | Property: | Lender: |
|---|---|---|
10  | March 23, 2009 | 8270 Amtrak, Las Vegas, NV | JMAC Lending |
11  | April 2, 2009 | 9132 Fusion, Las Vegas, NV | PMC Bancorp |

12      54.   In addition to the misrepresentations described above, the defendant and his
13  coconspirators diverted proceeds of the mortgages for their own use.

14      55.   In all of the aforementioned actions the defendant acted with the intent to defraud.

15  ## V. ACKNOWLEDGMENT

16      56.   Defendant acknowledges by the defendant's signature below that defendant has
17  read this Memorandum of Plea Agreement, that defendant understands the terms and conditions,
18  and the factual basis set forth herein, that defendant has discussed these matters with defendant's
19  attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV
20  above are true and correct.

21      57.   Defendant acknowledges that defendant has been advised, and understands, that
22  by entering a plea of guilty the defendant is waiving, that is, giving up, certain rights guaranteed to
23  the defendant by law and by the Constitution of the United States. Specifically, Defendant is
24  giving up:

25          a.    The right to be indicted by a federal grand jury;
26          b.    The right to proceed to trial by jury on the original charges, or to a trial by
    a judge if defendant and the United States both agree;

11

1     c.    The right to confront the witnesses against the defendant at such a trial,
2  and to cross-examine them;

3     d.    The right to remain silent at such trial, with such silence not to be used
4  against defendant in any way;

5     e.    The right, should defendant so choose, to testify in defendant's own behalf
6  at such a trial;

7     f.    The right to compel witnesses to appear at such a trial, and to testify in
8  defendant's behalf; and

9     g.    The right to have the assistance of an attorney at all stages of such
10  proceedings.

11     58.    Defendant, defendant's attorney, and the attorney for the United States
12  acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to

13  . . .
14  . . .
15  . . .
16  . . .
17  . . .
18  . . .
19  . . .
20  . . .
21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
   . . .

12

1  by and between the parties, and that no other promise has been made or implied by either the

2  defendant, the defendant's attorney, or the attorney for the United States.

3

4

5          9/10/18                            DANIEL G. BOGDEN
                                              United States Attorney
6          6/18/10
7  DATED                                      LUCAS M. FOLETTA
                                              Assistant United States Attorney
8

9

10         6/18/10
   DATED                                      ROBERT DRASKOVICH, ESQ.
11                                            Counsel for Defendant

12         6/18/2010
13 DATED                                      PARKER ENLOE
14                                            Defendant

15

16

17

18

19

20

21

22

23

24

25

26